Ira DUFF et al., Appellants,

v.

Sam HORTON, Appellee.

Court of Appeals of Kentucky.

Feb. 17, 1961.

Joe Hobson, Prestonsburg, for appellants.

Clifford B. Latta, Prestonsburg, for appellee.

WADDILL, Commissioner.

Appellants brought this action to recover $4,800 for services they allegedly performed for appellee pursuant to an oral contract. The answer denied the debt, and by counterclaim appellee sought damages in the sum of $3,370 for an alleged breach of the same contract. The appeal is from a judgment entered upon a verdict in favor of appellee in the sum of $500.

Appellants urge a reversal of the judgment on the grounds that the instructions were erroneous and that the evidence was insufficient to sustain the verdict.

Appellants testified that they agreed to move into appellee's home, cook his meals and help him operate his farm. For these services, appellants claim, appellee agreed to let them live in his home, to pay them $150 a year and to reimburse them for erecting certain buildings on the farm. Appellants stated that, although they performed their part of the agreement until it was terminated, appellee refused to satisfy his obligation to them.

Appellee testified, in effect, that appellants agreed to move into his home and to divide the crops they raised on his farm. He denied that he agreed to pay appellants $150 a year or promised to compensate them for the improvements they made upon his farm. He stated further that they breached their agreement by refusing to divide the crops. Appellee offered no proof concerning the value of the crops which he claimed were raised on his farm by appellants.

In the absence of proof to support the damages awarded herein and the instruction upon which the verdict rests, we are constrained to reverse the judgment. However, since the question of the respective liabilities of the parties was fairly presented to the jury, this issue should not be relitigated. We are therefore invoking CR 59.-

 

01 and are ordering a partial new trial on the issue of appellee's damages.

Wherefore the judgment is affirmed in part and reversed in part, and a new trial granted in accordance with this opinion.